# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 27, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| JENNIFER N. JARVIS, as Parent and | * | |
| Legal Representative of her Minor | * | |
| Daughter, J.N.J., | * | UNPUBLISHED |
| | * | |
| | * | |
| Petitioner, | * | No. 16-1354 |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; |
| AND HUMAN SERVICES, | * | Influenza (Flu) Vaccine; |
| | * | Guillain-Barre Syndrome (GBS); |
| Respondent. | * | Chronic Inflammatory |
| | * | Demyelinating Polyneuropathy |
| * * * * * * * * * * * * * * * * * * | | (CIDP). |

Elizabeth M. Muldowney, Sands Anderson PC, Richmond, VA, for petitioner.
Linda S. Renzi, US Department of Justice, Washington, DC, for respondent.

**DECISION BASED ON STIPULATION**[1]

On October 17, 2016, Jennifer N. Jarvis ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccine administered to her daughter, J.N.J., on October 20, 2013, J.N.J. suffered from Guillain-

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

Barre Syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition at 1.

On August 26, 2019, the parties filed a stipulation recommending an award of compensation to petitioners.  Stipulation (ECF No. 87).  Respondent denies that the flu vaccine caused J.N.J. to suffer GBS, CIDP, or any other injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

**(1)** **A lump sum of $195,696.98, which amount represents compensation for first year life care expenses ($696.98) and pain and suffering ($195,000.00), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of J.N.J. for the benefit for J.N.J.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of J.N.J.'s estate.**

**(2)** **A lump sum of $8,207.24, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Jennifer N. Jarvis.**

**(3)** **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora B. Dorsey
Nora B. Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNIFER N. JARVIS, AS PARENT ) <br> AND LEGAL REPRESENTATIVE ) <br> OF HER MINOR DAUGHTER, ) <br> J.N.J., ) <br> Petitioner, ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) | No. 16-1354V <br> Chief Special Master Dorsey <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, J.N.J., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.N.J.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. J.N.J. received the flu immunization on October 20, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that J.N.J. suffered from Guillain-Barre Syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy (CIDP) as a result of receiving the vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of J.N.J. as a result of her condition.

6. Respondent denies that the vaccine caused J.N.J. to suffer from GBS and/or CIDP or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $195,696.98, which amount represents compensation for first year life care expenses ($696.98) and pain and suffering ($195,000.00), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of J.N.J. for the benefit of J.N.J. No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of J.N.J.'s estate;
>
> b. A lump sum of $8,207.24, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Jennifer N. Jarvis;
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.     A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b.     Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
>
> d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of J.N.J., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner, as the court-appointed guardian(s)/conservator(s) of the estate of J.N.J. for the following items of compensation:

> a. For future unreimbursable Physician Visit (Dr. Sahenk, Dr. Divita, Dr. Wheeler), and Gabapentin expenses, beginning on the first anniversary of the date of judgment, an annual amount of $259.48 to be paid up to the anniversary of the date of judgment in year 2067, increasing at the rate of five percent (5%), compounded annually from the date of judgment.
>
> b. For future unreimbursable Orthotic and Ibuprofen expenses, beginning on the first anniversary of the date of judgment, an annual amount of $437.50 to be paid up to the anniversary of the date of judgment in year 2067, increasing at the rate of four percent (4%), compounded annually from the date of judgment.
>
> c. For future unreimbursable Interstim Neuromodulation Device expenses, on the anniversary of the date of judgment in year 2021, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2026, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2031, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2041, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2046, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2051, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2056, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2061, a lump sum of $3,998.15. Then, on the anniversary of the date of judgment in year 2066, a lump sum of $3,998.15, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioner and do not require that the payment be made in one annual installment. The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as J.N.J. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human

Services, and the Life Insurance Company shall be provided within twenty (20) days of J.N.J.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

4

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of J.N.J. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of J.N.J.'s estate under the laws of the State of West Virginia. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian(s)/conservator(s) of J.N.J.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.N.J. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.N.J. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of J.N.J., on behalf of herself, J.N.J., and J.N.J.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments,

claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.N.J. resulting from, or alleged to have resulted from the vaccination administered on October 20, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about October 17, 2016, in the United States Court of Federal Claims as petition No. 16-1354V.

18. If J.N.J. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

6

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused J.N.J. to suffer from GBS and/or CIDP, or any other injury or condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of J.N.J.

END OF STIPULATION

7

Respectfully submitted,

PETITIONER:

*[signature]*
JENNIFER N. JARVIS

ATTORNEY OF RECORD FOR PETITIONERS:

*[signature]*
ELIZABETH M. MULDOWNEY, ESQ.
SANDS ANDERSON PC
1111 East Main Street, Suite 2400
P.O. Box 1998
Richmond, VA 23218-1998
(804) 783-7227

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel.: (202) 616-4133

Dated: 23 August 2019

8